IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:22 CR 3077 |
| ) | |
| vs. ) | |
| ) | |
| NEIL SURESH CHANDRAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S CONSENT MOTION FOR
INTERLOCUTORY SALE OF SEIZED PROPERTY**

The United States of America, by and through its undersigned counsel, hereby moves this Court with the consent and concurrence of the Defendant and his counsel, pursuant to Fed. R. Crim. P. 32.2(b)(7), Rule G(7) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and 21 U.S.C. § 853(e), for an order authorizing the immediate interlocutory sale of the property described as the 43 seized motor vehicles identified on Exhibit A hereto, and a motor vessel and trailer described as a Malibu Wakesetter 23 LSV, Hull Identification Number MB2S2065C919, manufactured 2019, 23 feet LOA, and inboard motor, (collectively, the "Subject Property"), presently in the lawful possession, custody (or constructive custody), and control of the United States. In support of its motion and memorandum, the United States submits the following:

**BACKGROUND**

On June 14, 2022, Defendant Neil Suresh Chandran was indicted on three counts of wire fraud in violation of Title 18, United States Code, Section 1343, and two counts of engaging in monetary transactions in unlawful proceeds in violation of Title 18, United States Code, Section 1957. The Indictment identifies numerous real and personal properties, including bank accounts,

real property, and vehicles potentially subject to forfeiture, including the Subject Property. The Defendant pled not guilty and his consent and concurrence in this Motion does not constitute an admission of guilt or that the Subject Property is ultimately subject to forfeiture.

In connection with the Indictment, on June 24, 2022, Magistrate Judge Cheryl R. Zwart issued sealed warrants authorizing the seizure of the Subject Property.[1] The warrants were based upon a finding by the Court of probable cause, supported by affidavit, that the Subject Property is subject to seizure and forfeiture pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), as property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and is subject to forfeiture from Defendant by virtue of direct, indirect, or nominee ownership.

## ARGUMENT

### I.     This Court Should Approve the Motion for Interlocutory Sale

Under 21 U.S.C. § 853(e),[2] "upon application of the United States, the court may . . . take any other action to preserve the availability of property" subject to forfeiture. *See United States v. Gianelli*, 594 F. Supp. 2d 148, 150 (D. Mass. 2009) (Section 853(e) authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture; interlocutory sale necessary to preserve equity in property for forfeiture).

---

[1] Not all of the property for which seizure warrants were issued has been recovered at this time. The parties will supplement this motion as appropriate when additional items of property are located.

[2] This statute, which sets procedures in criminal forfeiture proceedings involving drug crimes, applies to the criminal charges in this matter by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

Additionally, Fed. R. Crim. P. 32.2(b)(7) provides that "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."

Supplemental Rule G of the Federal Rules of Civil Procedure governs forfeiture actions in rem arising under federal law and authorizes a court to order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met. Specifically, Rule G(7) provides:

> (a) *Preserving and Preventing Criminal Use of Property*. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.
>
> (b) *Interlocutory Sale or Delivery.*
>
>   (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
>
>     (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
>
>     (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
>
>     (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
>
>     (D) the court finds other good cause.

Fed. R. Civ. P. G(7).

The sale may be ordered if it necessary to preserve the property, prevent its encumbrance, risk of injury or "finds other good cause." Supplemental Rule G(7) gives a court broad discretion to order the interlocutory sale of property subject to forfeiture for "good cause." *See, e.g.*, *United States v. One Parcel of Real Property*, 128 F.3d 1386, 1389-90 (10th Cir. 1997) (noting that the district court ordered an interlocutory sale of real property based on the

3

government's assertion that, absent "great expense," the property was subject to deterioration, decay, or injury during the pendency of the action); *United States v. Hailey*, No. 11-CR-0540-WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (explaining "that the Government's desire to avoid storage costs (particularly with respect to the twenty-two automobiles and the tractor trailers) and the risk of depreciation in value (particularly of the computers and other electronic items) constitute 'good cause' for the interlocutory sale of the personal property").

II. **The Subject Property is Perishable and at Risk of Deterioration, Decay, or Injury by Being Detained in Custody Pending the Action; and the Expense of Keeping the Property is Excessive and is Disproportionate to its Fair Market Value**

Good cause exists to grant the motion of the United States. As long as the interlocutory sale does not diminish the value of the property, it may be sold for any of the reasons set forth in Supplemental Rule G(7)(b). S*ee, e.g., United States v. Real Property and Residence*, 699 F.3d 956, 961-62 (6th Cir. 2012) (affirming an interlocutory sale of a yacht where the owner of the yacht was in default on a loan secured by the yacht and the "value of the underlying property is not at risk from an interlocutory sale, because the yacht will be sold in a commercially reasonable manner taking into account the characteristics of the yacht.") (internal quotation marks and citation omitted).

The high storage maintenance costs associated with the United States taking custody of and preserving the Subject Property through what could be very lengthy litigation satisfy multiple prongs of Supplemental Rule G(7)(b). Seizure, storage, and maintenance costs for the Subject Property are extremely expensive, and are set forth for each vehicle to date in Exhibit A. Further, the natural tendency of the price of vehicles to decrease over time will impact their value. This Motion will maximize the value of the vehicles for forfeiture in the event of


conviction, and likewise benefit the Defendant in the event he prevails in the litigation, as the value of the Subject Property will not be consumed by costs.

Consequently, an interlocutory sale is necessary to preserve the value of the Subject Property, prevent a loss in the value of the forfeiture, and avoid tremendous expense to the United States.

The sale of the property will be turned over to the United States Marshal Service ("USMS") and the USMS, including any contractor retained by the USMS, may auction the Subject Property according to its policies, practices, and procedures. The USMS has sole discretion to decide the logistics of the auction, including but not limited to, the timing of such auction; and the auction process itself.

The proceeds from the sale shall be disbursed in the following priority and order:

a. First, all costs of acquisition and sale of the Subject Property;

b. Second, all costs not previously paid that were incurred by the United States, its agencies, or contractors in connection with the storage, maintenance, repair, marketing, and sale of the Subject Property; and

c. Finally, all remaining proceeds shall be held by the United States Marshal Service in a seized asset account pending the entry of this court's forfeiture order and directions in that order how the Marshals may dispose of the proceeds. The proceeds shall be a substitute *res* for the Subject Property, and the criminal forfeiture of net proceeds shall be treated as if they were the Subject Property. Any claim of third-parties to the Subject Property (or its substitute *res*) must be made in the context of an ancillary proceeding pursuant to 21 U.S.C. § 853(n) following the entry of the forfeiture order, which follows a finding of guilt of the defendant and the finding

of a nexus by the Court.[3]

## CONCLUSION

The United States requests this Court to grant its Consent Motion for an Interlocutory Sale of the Subject Property for cause pursuant to Rule 32.2(b)(7) and 21 U.S.C. § 853(e).

Without interlocutory sale relief, the Subject Property's value will be significantly diminished and jeopardize the ability of the United States to not lose money to accomplish this forfeiture. Conversion of the Subject Property to cash through a sale will preserve the value of the property for the benefit of the United States and, should the Subject Property ultimately not be deemed forfeitable at trial, to the benefit of the interested parties as well.

---

[3] 21 U.S.C. § 853(n) provides, in part:

(n) Third Party Interests

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

Respectfully submitted this 1st day of March 2023.

                                          RESPECTFULLY SUBMITTED,

                                        LORINDA I. LARYEA
                                        ACTING CHIEF
                                        U.S. DEPARTMENT OF JUSTICE
                                        CRIMINAL DIVISION, FRAUD SECTION

By:    /s/ William E. Johnston
        WILLIAM E. JOHNSTON
        ASSISTANT CHIEF, FRAUD SECTION
        United States Department of Justice
        Criminal Division, Fraud Section
        1400 New York Ave. NW
        Washington, DC 20005
        Tel: (202) 514-0687

        TIAN HUANG
        TRIAL ATTORNEY
        United States Department of Justice
        Criminal Division, Fraud Section
        1400 New York Ave. NW
        Washington, DC 20005
        Tel: (202) 598-2523

        STEVEN A. RUSSELL
        ACTING UNITED STATES ATTORNEY
        DISTRICT OF NEBRASKA

        DONALD J. KLEINE
        ASSISTANT UNITED STATES ATTORNEY
        DISTRICT OF NEBRASKA
        1620 Dodge Street
        Suite 1400
        Omaha, NE 68102-1506
        Tel: (402) 661-3700

BRENT J. WIBLE
CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, MONEY
LAUNDERING AND ASSET RECOVERY
SECTION

DARRIN L. McCULLOUGH
Senior Policy Advisor
United States Department of Justice
Criminal Division, Money Laundering and
Asset Recovery Section
1400 New York Ave. NW
Washington, DC 20005
Tel: (202) 436-0635

This Motion is consented to and concurred with by:

/s/ David Stickman
DAVID STICKMAN
Attorney for Defendant
Neil Suresh Chandran

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Nebraska by using the CM/ECF system.

/s/ Darrin L. McCullough
DARRIN L. McCULLOUGH