IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:22 CR 3077 |
| | ) | |
| vs. | ) | |
| | ) | |
| NEIL SURESH CHANDRAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S CONSENT MOTION
FOR INTERLOCUTORY SALE
OF SEIZED PROPERTY**

Before the Court is the United States' Consent Motion for the Interlocutory Sale of Seized Property that has been named as subject to forfeiture in this criminal case and is identified and described the 43 seized motor vehicles identified on Exhibit A to the Government's Motion, and a motor vessel and trailer described as a Malibu Wakesetter 23 LSV, Hull Identification Number MB2S2065C919, manufactured 2019, 23 feet LOA, and inboard motor, (collectively, the "Subject Property"), presently in the lawful possession, custody (or constructive custody), and control of the United States. The Defendant, Neil Suresh Chandran, and his counsel, David Stickman, consent to and concur in the Government's Motion.

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the Court "finds other good cause." Rule G(7)(b)(i). The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture.

The Court finds good cause for the issuance of this interlocutory sale order based on the following facts demonstrated by the United States:  The high costs associated with the United States taking custody, maintaining, and storing the Subject Property, and preserving it through what could be lengthy litigation, the natural tendency of the price of vehicles to decrease over time, which will impact their value, the need to maximize the value of the vehicles for forfeiture in the event of conviction, that the Motion likewise benefits the Defendant in the event he prevails in the litigation, as the value of the Subject Property will not be consumed by costs, and that the Defendant has consented to the sale. These facts satisfy multiple prongs of Supplemental Rule G(7)(b).

Accordingly, it is HEREBY ORDERED as follows:

1.  The Consent Motion for Interlocutory Sale is granted and the Subject Property may be sold pursuant to the below provisions:

    a.  The United States Marshals Service ("USMS"), including any contractor retained by the USMS, may auction the Subject Property according to its policies, practices, and procedures.  The USMS has sole discretion to decide the logistics of the auction, including but not limited to, the timing of such auctions; and the auction process itself.

    b.  The USMS may reject in its sole discretion any offer to purchase the Subject Property where it determines that such offer is made by a person involved in the criminal activity alleged as the basis for forfeiture in the indictment or a person acting on behalf of such a person.

2.  The proceeds from the sale shall be disbursed in the following priority and in the following order:

      a.      First, all costs of acquisition, transport, and sale of the Subject Property;

      b.      Second, all costs not previously paid that were incurred by the United States, its agencies, or contractors in connection with the storage, maintenance, repair, marketing, and sale of the Subject Property; and

      c.      Finally, all remaining proceeds shall be held by the USMS in a seized asset account pending the entry of this Court's forfeiture order and directions in that order how the USMS may dispose of the proceeds.

3.      Under Rule G(7)(b)(iv), the Subject Property sale proceeds will be a substitute *res* subject to forfeiture in place of the Subject Property that will be sold. The USMS will hold the net proceeds in an interest-bearing account pending further order of this court.

Dated this ___ day of March 2023.

                                  BY THE COURT

                                  _____
                                  John M. Gerrard
                                  United States District Judge