IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:22-cr-03077 |
| | ) | |
| NEIL SURESH CHANDRAN, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR ENTRY OF ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

The United States of America, by and through its assigned Filter Team, moves for entry of an order pursuant to Federal Rule of Evidence 502(d). Defendant Neil Suresh Chandran does not oppose this Motion.

In support of this Motion, the Filter Team states as follows:

1. In April 2022, the Government obtained emails from two email accounts associated with non-party Michael Glaspie—Michael.glaspie@gmail.com and mtg@mysiteinc.com—pursuant to search warrants authorized by the United States District Court of the District of Columbia (together, the "Glaspie Email Accounts"). The Filter Team has identified 193 emails (including attachments) from the Glaspie Email Accounts as potentially privileged and has withheld them from the Prosecution Team and Defendant.

2. In June 2022, the Government seized a cell phone from non-party Raj Ponniah associated with the phone number (951) 833-0324, pursuant to a search warrant authorized by the United States District Court for the Central District of California (the "Ponniah Cell Phone"). The Filter Team has identified 28,590 items from the Ponniah Cell Phone as potentially privileged and has withheld them from the Prosecution Team and Defendant.

3.  In May 2022, the Government obtained Apple iCloud data associated with Ponniah—Apple ID rponniah@mac.com—pursuant to a search warrant authorized by the United States District Court for the District of Columbia (the "Ponniah iCloud Account"). The Filter Team has identified 24 items from the Ponniah iCloud Account as potentially privileged and has withheld them from the Prosecution Team and Defendant.

4.  Federal Rule of Evidence 502(d) provides that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." The plain terms of Section 502(d) extend to all disclosures connected with pending litigation, and not merely inadvertent disclosures. *See United States v. Hatfield*, 06-CR-0550 (JS), 2010 WL 11515679, at *1 (E.D.N.Y. July 13, 2010) (rejecting argument that Rule 502(d) only applies to inadvertent disclosures). Pursuant to that authority, trial courts may manage the risk of waiver of attorney-client privilege during the discovery process using 502(d) orders.

5.  Accordingly, FRE 502(d) orders allow trial courts in criminal prosecutions to lessen the tension between discovery obligations and the attorney-client privilege. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("To the extent that timing is a concern, it can be ameliorated by properly seeking a protective order. Fed. R. Evid. 502(d)."); *Greene v. Phila. Hous. Auth.*, 484 F. App'x 681, 686 (3d Cir. 2012) ("[J]udicially-compelled disclosure of information, later determined to be privileged, may not result in a waiver of the privilege. *See* Fed. R. Evid. 502(b). In this respect, nothing prevents Greene from requesting that the District Court enter an order pursuant to Fed. R. Evid. 502(d) to the effect that the compelled disclosure does not constitute a waiver of privilege."); *United States v. Rankin*, No. 3:18-cr-272, 2020 WL 3036015, at *4 (D. Conn. June 5, 2020) (granting a motion for stipulated 502(d) order to permit a company to share privileged materials with the Government without effecting waiver).

6.  The Government consulted with counsel for Mr. Glaspie and Mr. Ponniah on April 10, 2023, and they do not oppose the entry of a 502(d) order permitting the Filter Team disclose the potentially privileged materials to the Prosecution Team and Defendant without effecting waiver of Mr. Glaspie's and Mr. Ponniah's claims of attorney-client privilege or any other valid privilege in this proceeding or any other federal or state proceeding.

7.  Pursuant to Federal Rule of Evidence 502(d), to allow the Government to comply with its discovery obligations while preserving non-party privilege holders' rights, as well as to conserve the Court's resources, the Government and counsel for Mr. Glaspie and Mr. Ponniah agree to the following:

    a.  The Filter Team may release to the Prosecution Team and Defendant all potentially privileged material from the Glaspie Email Account, the Ponniah Cell Phone, and the Ponniah iCloud Account.

    b.  The Filter Team's release of said material to the Prosecution Team and Defendant shall not be deemed a waiver in this matter, and the attorney-client privilege and other privileges or protections are not waived in any other federal or state proceeding by disclosure connected with the litigation pending before this Court.

    c.  Nothing precludes ostensible privilege holder non-parties Michael Glaspie and Raj Ponniah from asserting privilege claims over the Glaspie Email Accounts, the Ponniah Cell Phone, or the Ponniah iCloud Account in this or any other federal or state proceeding.

    d.  In the event Defendant or a non-party seeks to withhold or limit the use of the Glaspie Email Accounts, the Ponniah Cell Phone, or the Ponniah iCloud

3

          Account in another federal or state proceeding on the basis of the attorney-client privilege, the attorney work product protection, or any other privilege or protection, the Government reserves its rights to contest those assertions at that time.

    e.    The Protective Order issued on August 30, 2022 (ECF 33) shall apply to the discovery material produced pursuant to this Order.

Accordingly, the Filter Team respectfully requests that this Motion be granted and that the Court issue an order pursuant to Federal Rule of Evidence 502(d) for the relief requested herein.

This the 11th day of April 2023.

                              Respectfully submitted,

                              GLENN S. LEON
                              Chief
                              Fraud Section, Criminal Division
                              U.S. Department of Justice

                    By:    */s/ Evan N. Schlom*
                              EVAN N. SCHLOM
                              Trial Attorney
                              United States Department of Justice
                              Criminal Division, Fraud Section
                              Special Matters Unit
                              1400 New York Avenue NW
                              Washington, DC 20530
                              Tel: (202) 616-5720
                              Evan.schlom@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Nebraska by using the CM/ECF system.

Dated: April 11, 2023						/s/ *Evan N. Schlom*
							Evan N. Schlom