IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>NEIL SURESH CHANDRAN, and BRYAN LEE,<br><br>    Defendants. | 4:22CR3077<br><br>**PROTECTIVE ORDER** |

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1),

IT IS ORDERED:

A. The government's unopposed motion for a protective order, (Filing No. 92), is granted as follows:

1. **As to all materials:**

    a) All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

    b) The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential

witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

c) The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

d) The defendant shall not retain the materials or copies of the materials while in detention.

e) The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

f) Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

g) Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

h) To the extent any material is produced by the United States to the defendant or defense counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the defendant and/or defense counsel shall return all such material if in hard copy, and in the case of electronic

materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

i)  The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

2. **As to Sensitive Materials:**

a)  The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendant's discovery requests.

b)  No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, any sensitive materials shall not be included in any public filing with the Court, and instead shall be either redacted from any publicly accessible copy of the documents or submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant). The filing of sensitive material under seal shall be permitted by this Order without any further sealing order or other order by this Court.

c)  The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

3

B. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

C. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Dated this 21st day of June, 2023.

                      BY THE COURT:

                      _____
                      CHERYL R. ZWART
                      United States Magistrate Judge