JOSHUA TOMSHECK, ESQ.
Nevada Bar No. 9201
HOFLAND & TOMSHECK
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
JoshT@Hoflandlaw.com
Telephone: (702) 895-6760
Facsimile: (702) 731-6910

Counsel for Defendant **Bryan Lee**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEBRASKA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>-vs-<br><br>NEIL SURESH CHANDRAN and BRYAN LEE<br><br>  Defendants. | Case No. 4:22-CR-03077-JMG-CRZ |

**DEFENDANT BRYAN LEE'S BRIEF IN SUPPORT OF MOTION FOR JOINDER TO DEFENDANT CHANDRAN'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEVADA (ECF No. 99)**

# POINTS AND AUTHORITIES

## A.     Introduction

In his concurrently filed Motion, defendant Bryan Lee respectfully requests to join defendant Chandran's Motion to Transfer Venue.  (*See* Electronic Court Filing (ECF) No. 99; *see also* ECF No. 100 (brief in support of the Motion).)   Defendant Lee now supplies argument in support of that Motion in this Brief in Support.

In his Memorandum in support for a change of venue to the District of Nevada, defendant Chandran sets forth the parameters for a granting that request under Federal Rule of Criminal Procedure 21(b) and explains how those factors support that request. (*See* ECF No. 100.)   Defendant Lee hereby adopts, attests to, and incorporates those arguments.  Further, Mr. Lee adds the following legal and factual analysis.

## B.     The Parameters of Federal Rule of Criminal Procedure 21(b)

Article III of the Constitution requires that "the Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."  US. Const. art. III, § 2, cl. 3.[1]  Its command is reinforced by the Sixth Amendment's requirement that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed," and is echoed by Rule 18 of the Federal Rules of Criminal Procedure which requires that a prosecution "be had in a district in which the offense was committed."[2]

Therefore, the choice of venue question only arises in cases, such as the instant matter, involving crimes occurring in more than one judicial district.  *See United States v. McManus*, 535 F.2d 460, 463 (8th Cir. 1976); *see also United States v. Rodriguez-Moreno*, 526

---

[1] The Venue Clause also includes a necessary exception.  The trial for crimes "not committed within any State . . . shall be at such Place or Places as the Congress may by Law have directed."  U.S. Const. art. III, §2, cl. 3.

[2] The quoted portion of the Sixth Amendment is sometimes referred to as the Vicinage Clause.  *Cf. Smith v. United States*, No. 21-1576, 2023 U.S. Lexis 2546, at *13-18 (June 15, 2023) (describing the Clause and its application).

U.S. 275, 281 (1999) (explaining that a trial may be held where any part of a crime "can be proven to have been done" (quoting *United States v. Lombardo*, 241 U.S. 73, 77 (1916))).

Federal Rule of Criminal Procedure 21(b) is the operative rule for the determining a venue change requested by a criminal defendant.[3] It reads: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). The decision whether to transfer a case is committed to the sound discretion of the district court. *See, e.g., United States v. Heaps*, 39 F.3d 479, 482 (4th Cir. 1994) (citing *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981)).

Motions for a change of venue under Rule 21(b) should be granted if, after all relevant factors are considered, the case would be better off transferred to another district. The rule does not place on a defendant seeking venue change the burden of establishing "truly compelling circumstances." *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995). "It is enough if, all relevant things considered, the case would be better off transferred to another district." *Id.* (citing, inter alia, *Platt v. Minnesota and Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964))).

The question of transfer under Rule 21(b), for "'the convenience of parties and witnesses and in the interest of justice,' is one involving realistic approach, fair consideration and judgment of sound discretion on the part of the district court." *United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir. 1970) (quoting Rule 21(b)). The convenience of government agents, however, is given little weight in the analysis "when other considerations of convenience suggest transfer of a trial under Rule 21(b)." *See United States v. Gruberg*, 493 F.Supp. 234, 243 (S.D.N.Y. 1979). *Compare United States v. Wecker*,

---

[3] Federal Rule of Criminal Procedure 21(a) also allows for transfer of venue when failing to do so will visit a "great" prejudice upon a defendant. This aspect of the rule is not at issue in the current litigation.

2

620 F.Supp. 1002, 1005 (D. Del. 1985) (denying a Rule 21(b) transfer where the defendants failed to establish they would suffer "substantial inconvenience" if the case were tried in Delaware); *see also United States v. Erie Basin Metal Products Co.*, 79 F.Supp. 880, 885 (D. Md. 1948) (agreeing to transfer a case where the defendants resided in the transferee jurisdiction, witnesses for the defendants reside in the transferee jurisdiction, and all books and papers relevant to prosecution are located in the transferee jurisdiction).

In *Platt*, the Supreme Court enumerated factors for consideration in making a determination under Rule 21(b):

1. The location of the defendant;
2. The location of possible witnesses;
3. The location of events likely to be in issue;
4. The location of documents and records likely to be involved;
5. The disruption of defendant's business unless the case is transferred;
6. The expense to the parties;
7. The location of counsel;
8. The relative accessibility of place of trial;
9. The docket condition of each district or division involved; and
10. Any other special elements which might affect the transfer.

*See Platt*, 376 U.S. at 243-44; *see also United States v. Keuylian*, 602 F.2d 1033, 1037-38 (2d Cir. 1979) (describing and applying these factors).

In his Memorandum, defendant Chandran sets forth the above-mentioned factors and explains in detail why those factors support his request to transfer venue. (*See* ECF 100 at 3-15.) Defendant Lee joins these arguments.

The government filed an Opposition that suggests Mr. Chandran's venue transfer request should be denied. (*See* ECF No. 102.) Defendant Lee submits the government's arguments are unpersuasive or do not pertain to his circumstance.

3

### C. The Government's Contentions that Transferring the Case will Cause Unnecessary Delay is Unpersuasive Given it only Recently Indicted Defendant Lee

Defendant Chandran's analysis and application of the 21(b) prongs suggests this Court should grant his venue transfer motion. In contrast, the Eighth Circuit found that a district court properly denied a transfer motion because the government's chief witnesses, most of the evidentiary records, and the majority of the alleged victims resided in Nebraska. *See United States v. Perry*, 152 F.3d 900, 904 (8th Cir. 1998). Further, a co-defendant also resided in Nebraska. *See id.*; *see also United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974) (explaining the defendant's place of residency has no independent significance but may be considered "with reference to such factors as the convenience of records, officers, personnel and counsel").

Here defendant Chandran outlines, in detail, that this case is the polar opposite of *Perry*. There is little doubt that much of the evidence and investigation in this matter lies in Nevada.[4] Indeed, the Indictment at issue notes that both defendants reside in Nevada and that many of the transactions at issue are directed toward that state or occurred in that state. (*See* ECF No. 75 at 1, 7, 10.)

Because of this, transferring the case will not only assist both defendants in preparation of the case, that transfer will also facilitate witness appearance and save the federal government significant expense. (*See, e.g.*, ECF No. 100 at 5-6 (explaining that none of the potential witnesses live in Nebraska).)

The government counters that transferring the case to Nevada will cause extensive delay because Mr. Chandra's new attorney, the District of Nevada's Federal Public

---

[4] The government admits that some trial witnesses live in Las Vegas, Nevada but "that alone is not sufficient to warrant a transfer." (ECF No. 102 at 9.) What is conspicuously absent from this observation is an assertion that a single witness to the case resides in Nebraska.

Defender's Office, would then have to review the extensive discovery.  (*See* ECF No. 5 (bemoaning that the "prior year would have to be written off entirely").)  Not so.  The government filed a Superseding Indictment on May 16, 2023, that added Mr. Lee as a defendant for the first time.  (*See* ECF No. 75.)  Mr. Lee made an initial appearance in the District of Nebraska on this Indictment on June 8, 2023.  (*See* ECF No. 86.)  Counsel for Lee has only recently received discovery and is still in the process of converting and scanning that discovery.

Hence, transferring the venue of this complex matter will not delay proceedings as, regardless of whether this Court grants the Motion at bar, it will take time for Mr. Lee's counsel to review and examine the discovery and investigate the case.  Rather than being untimely, as the government suggests, this is the ideal time to make a transfer request as the case is, at least from Mr. Lee's perspective, at its inception.

Mr. Lee's counsel resides in Nevada.  Mr. Lee resides and works in Nevada. These are not minor considerations as the government suggests.  (*See* ECF No. 102 at 10.) Further, Las Vegas, Nevada is a national and international transportation hub.  *See generally* Richard N. Velotta, "It's Official: 2022 was a Record Year for Traffic at Reid Airport," Las Vegas Rev. J. (Feb. 7, 2023) (relating that 52.7 million passengers went through Las Vegas' airport in 2022).[5]  The government laments that travel time for government agents will increase if the case is transferred to Nevada.  (*See* ECF No. 102 at 10.)  *But see United States v. Gruberg*, 493 F.Supp. 234, 243 (S.D.N.Y. 1979) (explaining that convenience to government officials is the least important factor).  What the government elides is that, while travel times may increase for some government officials, all other travel factors favor the Las Vegas venue.  Flights to Las Vegas, Nevada are among the most frequent, cheap, and convenient in the world.  Hotels, accommodations, and sources

---

[5] *Available at* https://www.reviewjournal.com/business/tourism/its-official-2022-was-record-year-for-traffic-at-reid-airport-2725121/ (last accessed July 13, 2023).

5

of subsistence are plentiful, varied, and relatively inexpensive. Las Vegas caters to travelers. The entire economy of the region depends on it.

Transferring the case to Las Vegas, Nevada will ease the financial and other burdens of the prosecution, the courts, the government, the witnesses, and the defendants.[6] This Court should exercise its discretion and grant the defendants' Motion to transfer this matter to the District of Nevada.

## CONCLUSION

For all these and all the reasons set forth herein, defendant Bryan Lee respectfully requests that this Court allow him to join Defendant Chandran's Motion to Transfer Venue and that this Court grant that Motion.

Dated this 14th Day of July 2023.

                       */s/ Joshua Tomsheck*
                       JOSHUA TOMSHECK, ESQ.
                       Nevada State Bar No. 9210
                       Attorney for Defendant Bryan Lee
                       HOFLAND & TOMSHECK
                       228 South Fourth Street, 1st Floor
                       Las Vegas, NV 89101
                       Telephone: (702) 895-6760
                       Fax: (702) 731-6910

---

[6] The government also makes the point that federal criminal cases take longer to progress in Nevada than Nebraska. (*See* ECF No. 102 at 5-6.) This seems unusual given Nevada judges have lower criminal defendant case-loads than Nebraska judges. (*See* ECF No. 100 at 14.) The answer to this quandary is that, as this author who has practiced in the District of Nevada for many years can attest, Nevada judges are more amendable, as a matter of local practice, to requests to continue criminal matters than is common in other districts. Because of the relatively modest case numbers, Nevada judges have the luxury of spending more time on criminal cases.

This realization confirms that the defendants' position that the docket conditions in Nevada favor transfer. (*See id*.)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system and include: AUSA William Johnson.

I further certify that defendant Bryan Lee is not a registered CM/ECF users. I will ensure that this office provides Mr. Lee with a copy of this pleading at or about the time of filing.

        */s/ Sarah Daniels*
An Employee of Hofland & Tomsheck
HOFLAND & TOMSHECK
228 South Fourth Street, 1st Floor
Las Vegas, NV 89101
Telephone: (702) 895-6760
Fax: (702) 731-6910