IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:22CR3077 |
| vs. | |
| NEIL SURESH CHANDRAN, and BRYAN LEE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Defendants' renewed motions to transfer venue. Filing Nos. 153 and 164. In August 2023, the Court denied Defendants' motion to transfer to the District of Nevada and that Order was affirmed by the District Court Judge. Filing Nos. 106 and 114. Defendants bring their renewed motions arguing many of the circumstances relied upon by the Court in its previous order have changed and transfer of venue is now appropriate. The Court held an evidentiary hearing on Defendants' motions on October 17, 2024. At the conclusion of the hearing the Court ordered a transcript and deemed the matter submitted upon receipt of the transcript. A transcript has now been received, Filing No. 203, and this matter is ripe for disposition.

For the reasons set forth below, the motions will be denied.

Also before the Court is Defendant Chandran's motion for leave to supplement the record in which he presents additional evidence in support of his

1

motion to transfer venue. Filing No. 207. This motion will be granted, and the evidence considered herein.

## BACKGROUND

The indictment against Defendant Chandran was filed on June 14, 2022, alleging Chandran violated federal law by engaging in money laundering and using interstate wire and mail communications to obtain monetary investments by fraud, which he then misappropriated to either launch other business ventures or to personally benefit himself and others. Filing No. 1. A superseding indictment adding Defendant Lee was filed on May 16, 2023, alleging Lee and Chandran engaged in money laundering, and they conspired to commit mail and wire fraud, as alleged in the initial indictment. Filing No. 75.

On July 6, 2023, Defendant Chandran filed a motion to transfer venue seeking to transfer this case to the United States District Court for the District of Nevada. Filing No. 99. Defendant Lee joined in that motion. Filing No. 103. On August 1, 2023, the Court denied Defendants' motions. Filing No. 106. Defendants objected to this order and their objections were overruled on August 31, 2023. Filing No. 114.

In its August 1, 2023 Order, the Court considered the following factors in deciding whether transfer was warranted under Rule 21(b):

(1)   location of the defendant;
(2)   location of possible witnesses;
(3)   location of events likely to be in issue;
(4)   location of documents and records likely to be involved;
(5)   disruption of the defendant's business if the case is not transferred;
(6)   expense to the parties;
(7)   location of counsel;
(8)   relative accessibility of place of trial;

(9) docket condition of each district or division involved; and

(10) any other special elements which might affect the transfer.

Filing No. 106; *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964). The Court determined that while some factors weighed in favor of transfer, "upon consideration of the facts and balance the respective interests of the parties, witnesses, and victims, . . . transfer to the District of Nevada [is] not [] a more convenient forum, and [transfer] will not further the interests of the public and Defendants in securing a just, fair, and speedy resolution of this case." *Id*. at 13.

Specifically, the Court emphasized the central location of the District of Nebraska for witnesses traveling for all parties, the location and investment of Defendant Chandran's counsel in the District of Nebraska, and the significant expense all parties are likely to incur regardless of venue. Further, the Court found the special elements that may affect transfer to be particularly persuasive. The Court found that Nebraska's Federal Public Defender spent a considerable amount of time preparing the case, the Court and its staff are familiar with the case, the potential delay in resolution if the case was transferred, and a key participant in Defendants' alleged fraudulent scheme was preparing to be sentenced in the District of Nebraska. Filing No. 106 at 10-12. All of these factors weighed heavily against transfer.

Since that order, the Honorable Cheryl R. Zwart retired, and this case was reassigned to the undersigned magistrate judge. Filing No. 126. Additionally, the case was reassigned to District Judge Susan M. Bazis. Filing No. 162. In October 2023, Defendants' alleged co-conspirator, Michael Glaspie, was sentenced and a final judgment was entered.[1] *United States v. Glaspie*, 4:23-cr-3010-JMG-CRZ-1, Filing Nos. 44, 49. Thereafter, the Government's lead counsel, William Johnston

---

[1] The Court takes judicial notice of the docket in *United v. Glaspie*, 4:23-cr-3010-JMG-CRZ-1. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (A court may take judicial notice of judicial opinions and public records.)

withdrew from the case and an additional attorney for the government entered his appearance on May 21, 2024. Filing Nos. 137 and 148. Finally, Chandran's attorney has announced his retirement as of November 30, 2024. Filing No. 201, Exhibit 100.

On October 17, 2024, the undersigned received evidence and heard arguments on eight pretrial motions, including the two at issue in this motion. Evidence adduced at the hearing relating to the present motion included affidavits of Defendants' attorneys, Filing No. 201, Exhibits 100, 106, an affidavit from the Federal Public Defender's investigator Tawnya Root, *Id.*, Exhibit 101, an affidavit from FBI Special Agent Jeremy Desor, *Id.*, Exhibit 102, and summaries of statements relating to the execution of seizure warrants related to this case. *Id.*, Exhibit 104. The pretrial motions deadline in this matter has now expired and all pretrial motions have been fully briefed and submitted to the undersigned. Filing No. 150.

**ANALYSIS**

Defendants argue that many of the facts upon which the Court relied in denying the motion to transfer have now changed. Filing No. 154 at 2; Filing No. 165 at 1. Chiefly, Defendants argue that the "special elements that might affect transfer" relied on in August 2023, including the assigned judges and prosecuting attorney, have changed and transfer is now appropriate. Filing No. 154 at 16-17; Filing No. 165 at 8-10. Defendants additionally argue that the evidence presented further illustrates the events in this case occurred in Nevada or California. Filing No. 203 at 18-23;29-33.

"A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]."[2] *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *see also United States v. Harvey*, 2016 WL 7115982, at *1 (D. Neb. Dec. 6, 2016). The Eighth Circuit has not set forth the appropriate standard for "motions for reconsideration raised in criminal cases outside of the suppression context," but recognizes that other circuits use the civil standard. *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (citing cases); *see United States v. Derockbraine*, No. 8:18CR110, 2019 WL 294802, at *2 (D. Neb. Jan. 23, 2019). Generally, a civil motion to reconsider is used to "'correct[ ] manifest errors of law or fact or ... present newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). The Court interprets Defendants' motions to contend newly discovered evidence exists to warrant reconsideration of the Court's prior order.

When originally considering the special elements, the Court noted the length of time this case has been pending, the Court's familiarity with the facts of the case, the amount of time invested by appointed counsel, and the importance of having members of a criminal conspiracy sentenced, when possible, by the same district judge. Filing No. 106 at 11.

---

[2] Defendants filed a supplemental brief setting out the standard under which they believe this court should evaluate their motion. Filing No. 194. In their brief, the government contends the motion should an analyzed as a review of a magistrate judge's order pursuant to 28 U.S.C. § 626(b)(1)(A). Filing No. 176 at 3. Upon review and after hearing the parties' oral arguments at the hearing, the Court finds it appropriate to treat the motion as one for reconsideration. *See United States v. Petty*, No. 2:21-CR-188, 2022 WL 3447316, at *1 (W.D. Pa. Aug. 17, 2022) (revisiting a previous ruling on the issue of venue transfer should be done under a reconsideration standard); *United States v. Matusiewicz*, No. 13-CR-00083, 2015 WL 1069340, at *2 (D. Del. Mar. 10, 2015) (same). The parties now agree that the appropriate standard is a motion for reconsideration. Filing No. 203 at 34-35.

Defendants now argue that with the change in judges and attorneys, the reasons for the Court to deny the transfer of venue are no longer compelling. However, Defendants' arguments are misplaced. The August 2023 Order provided that the District of Nebraska's familiarity and investment, including the sentencing of another participant of the scheme, in the case weighed against transfer. The change in presiding judges does not necessarily tip the balance on this factor. Rather, as noted when overruling Defendants' objections, judicial efficiency is still served by keeping these cases in Nebraska where there is institutional knowledge and where the case has been pending for over two years. Filing No. 114. For example, this case was reassigned to the undersigned in January 2024, and the Court has had regular status conferences with the parties and entered various orders in this matter during that time. Moreover, the pretrial motions deadline in this matter has now expired and all pretrial motions are fully submitted to the undersigned. Furthermore, while, if convicted, Defendants would not be sentenced by the same judge as another key participant, the Court agrees with the government that having sentencing conducted within the same judicial district would better avoid a potential sentencing disparity.

While the primary Public Defender assigned to this case is set to retire, the involvement of the Nebraska Federal Public Defender's Office as a whole, a factor that was given substantial weight by the Court in both the August 1, 2023 and the August 31, 2023 orders, remains unchanged. For example, Tawyna L. Root, an investigator for the Federal Public Defender's Office for the District of Nebraska has been involved in reviewing the extensive discovery presented in this case, Filing No. 201, Exhibit 101, and Public Defender Jessica Milburn has been representing Defendant Chandran alongside Mr. Stickman since the outset. Filing No. 18; Filing No. 203 at 26. At best, even if all pretrial motions were not fully submitted to the undersigned, the change in judges and attorneys involved is a <u>neutral</u> factor, weighing neither in favor or against transfer, because like many key

participants in the District of Nebraska, all of the judges and defense counsel assigned in the District of Nevada would be new and unfamiliar with the case. However, for the reasons set forth above, the Court finds the "special elements that might affect transfer" still weigh in favor of the case proceeding in the District of Nebraska.

The remaining nine factors set out in *Platt v. Minnesota Min. & Mfg. Co.* for determining whether transfer is warranted under Rule 21(b) are presently the same considerations that were already rejected by this Court. *See Platt*, 376 U.S. at 243-44. That includes the location of events at issue. Specifically, when reciting the facts, Magistrate Judge Zwart acknowledged Defendant's position that "the distribution of electric vehicles, cell phones and other property to investors as a return on their investment, and the alleged purchase of condominiums and other real estate with investor money, all occurred in Las Vegas and California, with the cell phones and vehicles now stored in Las Vegas." Filing No. 106 at 7. Further, she acknowledged that Lee, Individual 1, and the Chandran companies are located in Nevada, and witnesses live and work in Nevada and Southern California. *Id*. at 13. While Defendants have perhaps presented *different* evidence showing the location of events, the Court was aware of the location of the events at the time of the original order and weighed those facts accordingly. Based on these same facts, the Court determined only Defendant Lee's location weighed in favor of transfer to Nevada. Filing No. 106 at 11-13. All other factors were neutral or weighed in favor of the case remaining in the District of Nebraska. *Id*. The undersigned agrees with Judge Zwart's and Judge Gerrard's analysis and does not depart from their findings.

Though new facts have been adduced, these facts do not change the Court's analysis on the venue issue. Moreover, Defendants have not demonstrated any manifest error of law or fact in the Court's August 1, 2023 Order. For these reasons, Defendants' motions to transfer venue must be denied.

IT IS ORDERED:

1. Defendants' renewed motion to transfer venue, Filing Nos. 153 and 164, are denied.
2. Defendant Chandran's motion for leave to supplement the record, Filing No. 207, is granted.

Dated this 2nd day of December 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge