IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEIL SURESH CHANDRAN and BRYAN
LEE,

Defendants.

4:22CR3077

MEMORANDUM AND ORDER

This matter is before the Court on the defendants' objections (Filing No. 231; Filing No. 239) to the Magistrate Judge's Memorandum and Order (Filing No. 228) denying their renewed motions to transfer venue. The defendants' objections will be overruled.[1]

Chandran was indicted in June 2022 for allegedly engaging in money laundering and for using interstate wire and mail communications to obtain monetary investments by fraud. (Filing No. 1). The grand jury returned a superseding indictment against both Chandran and Lee alleging similar financial crimes in May 2023. (Filing No. 75).

---

[1] The Magistrate Judge evaluated the defendants' motions as "one[s] for reconsideration" of Magistrate Judge Zwart's order on their initial motions to transfer venue. (Filing No. 228 at 5, n.2).  The parties agreed this was the appropriate standard.  (Filing No. 228 at 5 n.2; Filing No. 203 at 34-35.)  So does this Court. Thus, because this is a non-dispositive motion, the Court will apply the "clearly erroneous or contrary to law" standard applicable to an appeal of a magistrate judge's order on a non-dispositive issue. *United States v. Wright*, 2002 WL 842208, at *1 (D. Neb. May 3, 2002); *see* 28 U.S.C. § 636(b)(1)(A); *Burgard v. Alpha Prop. & Cas. Ins. Co.*, 2022 WL 2869604, at *2 (D.S.D. July 21, 2022) (quoting *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)).

Over one year after Chandran was indicted, he first sought to transfer this case to the District of Nevada. (Filing No. 99). Lee joined in that request. (Filing No. 103). Since then, the Court has thrice rejected the defendants' venue-related arguments. (Filing No. 106; Filing No. 114; Filing No. 228). This Court will likewise reject the arguments raised by the defendants in their latest attempt to transfer this case to Nevada.

The Court agrees that this case should remain in Nebraska. Several "[s]pecial elements" that may affect transfer weigh in favor of keeping the case here.[2] *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964). The first such factor is the length of time this case has been pending, over two years. As the Court recognized back in August 2023, "[d]elay is what would result from a transfer." (Filing No. 114 at 4). That is, even if the case were now transferred to Nevada, there is no guarantee it would continue "as expeditiously as it would have proceeded in Nebraska." (Filing No. 114 at 4). Nevada counsel and the new judge(s) "would still have to learn the case"—that process would take time and further impede a resolution. (Filing No. 114 at 3).

A related "special element" the Court has repeatedly considered is its familiarity with this case. While it's true that there has been some turnover as to the presiding judges here, the Court has nevertheless amassed a wealth of "institutional knowledge" regarding the issues and parties in this complex case. (Filing No. 228 at 6). For her part, the Magistrate Judge noted that she has "had regular status conferences with the parties and entered various orders" since she was assigned to the case. (Filing No. 228 at 6). And though the undersigned's formal involvement has been minimal to this point, this Court too has invested significant time in following the progression of this case, reviewing the now-fully submitted pretrial motions, and preparing for an eventual trial. All that institutional knowledge is lost if this case is transferred.

Nor is the Court persuaded that the retirement of Mr. Stickman—formerly the primary Public Defender assigned to this case—changes the outcome. Staff and counsel in the Public Defender's office were involved in this case pre-retirement, mitigating any potential disruption

---

[2] Defendants retread the other *Platt* factors in their briefing in support of their objections. (Filing No. 232 at 5-14; Filing No. 240 at 7-8). But the Court considered the facts relative to those factors each time the defendants sought transfer, and they have not changed—as the Magistrate Judge put it, those facts are "presently the same considerations that were already rejected by this Court." (Filing No. 228 at 7). Thus, the other *Platt* factors continue to weigh in favor of this case "remain[ing] in Nebraska." (Filing No. 106 at 11).

caused by Mr. Stickman's departure. (Filing No. 228 at 6). And in any event, "like many key participants in the District of Nebraska, *all* of the judges and defense counsel assigned in the District of Nevada would be new and unfamiliar with the case." (Filing No. 228 at 6-7) (emphasis added). Thus, changes in judges and counsel do not dictate transferring the case to another district.

The final element meriting discussion is the fact that the defendants' alleged co-conspirator, Michael Glaspie, was sentenced in this District. *See United States v. Glaspie*, 4:23cr3010, Filing No. 44; Filing No. 49. That is important, because "Glaspie was central to the scheme alleged by the government." (Filing No. 114 at 3). His restitution "will probably be joint and several with the defendants here, should they be convicted." (Filing No. 114 at 3). Concerns about consistent rulings also counsel in favor of "having sentencing conducted within the same judicial district[.]" (Filing No. 228 at 6).

In sum, the Court can find nothing in the Magistrate Judge's Memorandum and Order that comes close to being "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Three judges of this Court have now concluded that this case should stay here. The undersigned agrees. Accordingly,

**IT IS ORDERED** that the defendants' objections (Filing No. 231; Filing No. 239) are overruled.

Dated this 30th day of January, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

3