IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:22CR3077 |
| vs. | |
| NEIL SURESH CHANDRAN, and BRYAN LEE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Defendant Neil Suresh Chandran ("Chandran") and Defendant Bryan Lee's ("Lee") (collectively, "Defendants") objections (Filing No. 251; Filing No. 263) to the Magistrate Judge's Findings, Recommendation and Order (Filing No. 229), recommending that Defendants' motion to dismiss (Filing No. 157; Filing No. 163) be denied. For the reasons explained below, Defendants' objections are overruled, and the motion to dismiss will be denied.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id. See also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits admitted there.

## BACKGROUND

On June 14, 2022, Chandran was indicted for allegedly engaging in wire fraud and money laundering. (Filing No. 1). The grand jury returned a nine-count Superseding Indictment against both Chandran and Lee on May 16, 2023, alleging they engaged in conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1957, and 18 U.S.C. § 2. (Filing No. 75.) The Superseding Indictment also contained a forfeiture allegation.

On June 12, 2024, Chandran, joined by Lee, filed a motion to dismiss the Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B) (Filing No. 157). Defendants argued that the Superseding Indictment should be dismissed because it lacked specificity. They also argued the Superseding Indictment failed to state a claim because it did not include allegations that would establish the materiality of alleged misrepresentations communicated to investors. The Magistrate Judge held a hearing on Defendants' motion to dismiss on October 17, 2024. (Filing No. 195.) On December 2, 2024, the Magistrate Judge issued a Findings, Recommendation and Order (Filing No. 229), rejecting each of Defendants' arguments and recommending that the motion to dismiss be denied.

## DISCUSSION

Defendants do not take issue with the Magistrate Judge's factual findings. Therefore, for purposes of brevity, the facts will not be set out in full here. In summary, this case involves

allegations that Defendants conspired and agreed to engage in a scheme to defraud investors in Chandran's companies.[1] (Filing No. 75.) Paragraph 7 of the Superseding Indictment provides: "Beginning in or around June 2018 and continuing until on or about June 29, 2022 . . . [Chandran, Lee], and others known and unknown . . . conspired and agreed with each other to engage in a scheme to defraud investors in the Chandran companies through misrepresentations about the Chandran companies and how investor funds would be used." (Filing No. 75.) Paragraph 8 of Superseding Indictment goes further, alleging that Defendants engaged in a conspiracy and scheme to "(a) unlawfully enrich themselves by obtaining funds from investors through false promises of extremely high returns; (2) conceal or cause to conceal from investors the true status of their investments and the likelihood that they would obtain the promised returns; and (c) conceal or cause to conceal from investors the manner in which [they] and others were using investor funds." (Filing No. 75.)

Defendants object to the Magistrate Judge's conclusion that the allegations against them in the Superseding Indictment are sufficiently specific to advise them of the nature of the charges against them. Defendants also object to the Magistrate Judge's conclusion that the Superseding Indictment's allegations, if accepted as true, would establish the required element of materiality. (Filing No. 261; Filing No. 263.) The Court agrees with the Magistrate Judge's determinations and will overrule Defendants' objections.

### 1. Specificity of Superseding Indictment

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). Still, "[a] slightly greater level of detail is required for the bank, mail, or wire fraud statutes, for which an indictment must specify facts . . . with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of

---

[1] According to the Superseding Indictment, Chandran held himself out as the owner of a group of companies operated under the banner of ViRSE. These companies (the "Chandran Companies") included: "FreeVi Lab; Studio Vi, Inc.; ViDelivery, Inc.; ViMarket, Inc.; and Skalex USA, Inc. (Filing No. 75.)

the accusation and as will enable the court to say that the facts stated are sufficient in law to support a conviction." *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021) (quotation omitted). "The question of whether the facts alleged in an indictment adequately state an offense therefore turns on the elements of that offense." *Id.*

The mail and wire fraud statutes prohibit the use of interstate mail or wire facilities to effect "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. §§ 1341, 1343. To prove the existence of a fraudulent scheme, the government must establish: "(1) there was a deliberate plan of action or course of conduct to hide or misrepresent information; (2) the hidden or misrepresented information was material; and (3) the purpose was to get someone else to act on it." *United States v. Luna*, 968 F.3d 922, 926 (8th Cir. 2020). A conviction for conspiracy to commit wire or mail fraud further requires a showing that "(1) there was an agreement between two or more persons to commit mail and wire fraud, (2) [the defendant] knew of the agreement, and (3) [the defendant] intentionally joined in the agreement." *United States v. Cole*, 721 F.3d 10016, 1021 (8th Cir. 2013).

Defendants claim that the alleged "scheme and artifice to defraud" as required for a conviction under the mail and wire fraud statutes is not explained with specificity in the Superseding Indictment and is particularly lacking in Paragraph 7 where Defendants maintain the scheme is described. Defendants also argue the allegations about "misrepresentations" made by Defendants could cover both fraudulent and non-fraudulent activity, and thus do not sufficiently notify them of the charges. Chandran further complains that the allegation in the Superseding Indictment that he "caused" Michael Glaspie to make false or misleading statements to investors is insufficient to notify him of the charges because it was Glaspie—not Chandran—who was communicating with investors.[2] The Court finds these arguments unpersuasive.

The Superseding Indictment sufficiently, and specifically, apprises Defendants of the nature of the charges against them. The Court agrees with the Magistrate Judge that the explanation of the alleged "scheme to defraud" is not limited to Paragraph 7, but rather expands into other portions of the Superseding Indictment including, but not limited to, Paragraph 8. Read in its entirety, the Superseding Indictment not only tracks the language of the relevant statutes, but also

---

[2] Michael Glaspie is an alleged co-conspirator who plead guilty to one count of wire fraud in *United States v. Glaspie*, 4:23-cr-3010 (D. Neb. 2023).

states the nature of the fraudulent scheme by identifying mailings and wire transactions, sets out the approximate time the scheme to defraud took place, and explains the acts that furthered the conspiracy.

Chandran's argument that greater specificity is needed as to how he "caused" false representations does no better. As to that issue, the Superseding Indictment alleges that Chandran caused Glaspie and another individual to make misleading representations "regarding the involvement of prominent business figures, such as Billionaire 1 and Billionaire 2 . . . when in truth and in fact, such individuals had no involvement." The Superseding Indictment also alleges that Chandran caused Glaspie and another individual to make false and misleading representations to investors that their funds would be used for covering normal expenses, when substantial amounts of those funds were actually used for Defendants' personal benefit. These allegations set out facts with such reasonable particularly as to notify Chandran of the nature of the accusations. The Court agrees with the Government that to the extent Chandran believes he did not "cause" misrepresentations, he can make that argument at trial. Therefore, Defendants' motion to dismiss the Superseding Indictment for lack of specificity will be denied.

### 2. Materiality

Defendants also argue that even if the Court assumes the allegations in the Superseding Indictment are true and sufficiently allege them of the nature of the charges, the allegations do not establish the element of materiality as is necessary for a conviction for mail or wire fraud. Defendants maintain the misrepresentations and omissions alleged in the Superseding Indictment consist of immaterial "puffery," or omissions of fact that they were required to disclose. Defendants contend that, at most, the Superseding Indictment alleges that they made predictive statements of opinion and belief, which do not qualify as material misrepresentations.

A fraudulent scheme contemplated by the mail and wire fraud statutes "must consist of material misrepresentations," meaning, "misrepresentations that have a natural tendency to influence, or are capable of influencing, the decision of the decisionmaking body to which they are addressed." *Hansmeier*, 988 F.3d at 436 (quotation omitted). *See also United States v. Luna,* 968 F.3d 922, 926 (8th Cir. 2020) ("To defraud someone requires material, affirmative misrepresentations or active concealment of material information for the purpose of inducing

action."). "Although silence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud, suppression of the truth with the intent to deceive (concealment) does." *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012). "A scheme to defraud need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Goodman*, 984 F.2d 235, 237 (8th Cir. 1991) (quotation omitted).

Defendants contend that the Superseding Indictment fails to state a claim because the alleged misrepresentations only consist of immaterial, predictive "puffery," or omissions of fact that they were not required to disclose. The Court disagrees. The Superseding Indictment alleges affirmative misrepresentations—not mere omissions. In particular, the Superseding Indictment alleges there were false and misleading representations to investors that: (1) the Chandran companies were about to be purchased by a consortium of wealthy buyers (the "Transactions") and would yield his investors extremely high returns, when there actually was no consortium about to purchase Chandran companies at an amount that was yield the promised returns; (2) investment funds would be used to cover normal expenses, when substantial amounts of investor funds were misappropriated to launch other business ventures and used for the personal benefit of Defendants, including through the purchase of luxury cars and real estate; and (3) prominent business figures, such as Billionaire 1 and Billionaire 2, were involved in the Transactions, when they were not. The question of whether these alleged misrepresentations were mere "puffery," or exaggerated statements of opinion, is a question of fact for the jury. Again, the Court agrees with the Magistrate Judge that Defendants can dispute these facts, make alternative explanations for their conduct or argue that certain misrepresentations or omissions were immaterial to investors at trial. The Superseding Indictment contains sufficient facts to state an offense.

Defendants argue the money laundering charges set out in the Superseding Indictment should also be dismissed because the government has not alleged facts which, if proven true, constitute unlawful activity as is necessary for a conviction. For this same reason, Defendants maintain there can be no forfeiture of assets. Because, as explained above, the Court finds the Superseding Indictment sufficiently alleges unlawful activities, Defendants arguments pertaining

to the money laundering charges and forfeiture are moot and will not be addressed further in this Memorandum and Order.

Accordingly,

**IT IS ORDERED:**

1. Defendants' objections (Filing No. 251; Filing No. 263) to the Magistrate Judge's Findings, Recommendation and Order (Filing No. 229) as it pertains to the findings regarding Defendants' motion to dismiss are overruled.

2. The Magistrate Judge's Findings, Recommendation and Order (Filing No. 229) as it pertains to Defendants' motion to dismiss (Filing No. 157; Filing No. 163) is accepted.

3. Defendants' motion to dismiss (Filing No. 157; Filing No. 163) is denied.

Dated this 27th day of March, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge