IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:22CR3077 |
| vs. | |
| NEIL SURESH CHANDRAN, and BRYAN LEE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Defendant Neil Suresh Chandran ("Chandran") and Defendant Bryan Lee's ("Lee") (collectively, "Defendants") Objections (Filing No. 260; Filing No. 263) to the Magistrate Judge's Findings, Recommendation and Order (Filing No. 229), recommending that Defendants' Motion for Bill of Particulars and Motion to Sever be denied. For the reasons expressed below, Defendants' Objections will be overruled.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id. See also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d n904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits admitted there.

## BACKGROUND

On June 14, 2022, Chandran was indicted for allegedly engaging in wire fraud and money laundering. (Filing No. 1). The grand jury returned a nine-count Superseding Indictment against both Chandran and Lee on May 16, 2023, alleging they engaged in conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1957, and 18 U.S.C. § 2. (Filing No. 75.) The Superseding Indictment also contained a forfeiture allegation.

The Superseding Indictment alleges that beginning on or around June 2018 and continuing until on or about June 29, 2022, Chandran, Lee, and others conspired to engage in a scheme to defraud investors in Chandran's companies[1] through misrepresentations about the Chandran companies and how investor funds would be used.[2] (Filing No. 75.) Lee was allegedly the signatory on bank accounts and owner/sole director and officer for ViMarket, one of the Chandran companies. (Filing No. 75.) Lee allegedly took direction from Chandran on disbursing funds sent to ViMarket, as well as unilaterally disbursing and spending funds from ViMarket accounts. (Filing No. 75.)

Before the Superseding Indictment was filed, Chandran and Lee communicated with each other through WhatsApp messages. (Filing No. 201, Exs. 103 and 105; Filing No. 209 at CM/ECF p. 49.) These communications occurred between February 2021 through June 2022. (Filing No.

---

[1] According to the Superseding Indictment, Chandran held himself out as the owner of a group of companies operated under the banner of ViRSE. These companies (the "Chandran Companies") included: "FreeVi Lab; Studio Vi, Inc.; ViDelivery, Inc.; ViMarket, Inc.; and Skalex USA, Inc. (Filing No. 75.)

[2] Defendants do not take issue with the Magistrate Judge's factual findings. Therefore, for purposes of brevity, the facts will not be recited in full in this Memorandum and Order.

2

201, Ex. 105.) Also, before the Superseding Indictment was filed, Lee made a statement to FBI Special Agents Zachary Carey and James Brooks. (Filing No. 201, Ex. 103.)

On June 12, 2024, Chandran filed a Motion to Sever (Filing No. 151) and Motion for Bill of Particulars (Filing No. 155). Lee joined Chandran's motions. (Filing No. 166; Filing No. 168.) The Magistrate Judge held on evidentiary hearing on the motions on October 17, 2024, after which she issued a Findings, Recommendation, and Order (Filing No. 229) denying each of the motions.

## DISCUSSION

### 1. Bill of Particulars

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the filing of a bill of particulars, which "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002). "The trial court has broad discretion in granting or denying a bill of particulars." *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

The Court agrees with the Magistrate Judge that a bill of particulars is unnecessary. Defendants argue that the language of the Superseding Indictment does not adequately advise them of the charges against them and that the volume of discovery further obscures the allegations. Defendants contend that without refinement of the allegations through a bill of particulars, they will not be able to determine what admissibility issues are worth being litigated, who the victims are, and the basis for alleging that Chandran "caused" others to commit fraud. However, as this Court previously held, the Superseding Indictment sufficiently apprises Defendants of the nature of the charges by not only tracking the statutory language, but also by identifying mailings and wire transactions, setting out the approximate time the fraudulent scheme took place, and explaining the acts that furthered the conspiracy.[3]

---

[3] The Court previously denied Defendants' motion to dismiss, finding that the Superseding Indictment sufficiently, and specifically apprises Defendants of the nature of the charges against them. (Filing No. 275.)

Moreover, the abundance of discovery produced by the government is not a basis for ordering a bill of particulars in this case. This is not a situation where thousands of documents were "dumped" on Defendants over a short period of time. The government represents that the discovery is digitally searchable and came with indices to assist Defendants with their review of the production. "[A] bill of particulars is not to be used for discovery purposes," and the government has provided Defendant a means to identity documents. *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quotation omitted). The information produced, which includes search warrant affidavits and grand jury transcripts, is also informative and should provide Defendants the ability to understand the basis of the charges against them without having to engage in guesswork. The Court is confident that Defendants have been advised of the nature of the charges against them with sufficient precision to enable them to thoroughly prepare for trial. Therefore, Defendants' Motion for a Bill of Particulars will be denied.

### 2. Motion to Sever

Pursuant to Federal Rule of Criminal Procedure 8(b), the government may charge two or more defendants in an indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). However, if the joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government, Federal Rule of Criminal Procedure 14(a) allows the court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Still, when defendants have been properly joined under Rule 8(b), a district court should only grant a severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant seeking severance "must show real prejudice, that is, something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004) (internal quotation omitted). Real prejudice can be shown "either by showing that [his] defense is irreconcilable with the defense of [his] codefendant or codefendants or that the jury will

4

be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995) (quotation omitted).

Defendants carry "a heavy burden in demonstrating that severance is mandated." *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). That is particularly true because persons charged in a conspiracy are generally tried together, "especially when proof of the charges against the defendants is based upon the same evidence and acts." *Id.* at 778. Joint trials of co-conspirators are "preferable because [they] give the jury the best perspective on all of the evidence and, therefore, increase the likelihood of a correct outcome." *Id.* (internal quotations and citations omitted); *see United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) ("[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators.").

Chandran and Lee made two primary arguments in support of severance before the Magistrate Judge: (1) joinder violates their rights under the Confrontation Clause pursuant to *Bruton v. United States*, 391 U.S. 123 (1968); and (2) they will suffer real prejudice in a joint trial based on the admissibility and weight of certain evidence which cannot be cured through a limiting instruction. (Filing No. 152.) As to the first point, the Magistrate Judge concluded that the evidence then in dispute—forms executed by Lee, documents related to bank accounts executed and/or facilitated by Lee, and WhatsApp messages exchanged between Defendants—was nontestimonial and thus not subject to the Confrontation Clause and *Bruton*. (Filing No. 229). As to the statement that Lee made to law enforcement, the Magistrate Judge found that there was nothing in the statement that could not be cured with a limiting instruction. Regarding Defendants' second argument, the Magistrate Judge found that Defendants failed to show real prejudice, noting that severance was not required simply because evidence that may be admissible as to only one defendant would be damaging or "unsavory" to the other.

In his Objection, Chandran asserts that the WhatsApp messages are testimonial and therefore severance is required under *Bruton*. For his part, Lee specifically concedes that the Magistrate Judge's Findings, Recommendation, and Order "appears to be correct in that non-testimonial communications are not strictly covered by the *Bruton* rule," but objects to the Magistrate Judge's finding in this regard for "error preservation purposes." (Filing No. 263.) Lee further argues that a limiting instruction cannot cure the prejudice that will result from admission of the WhatsApp chats that occurred between Defendants. (Filing No. 263.)

5

The Court has reviewed the WhatsApp messages, which consist of around 40 pages of material. The messages contain statements accusing one another (at times in a joking way) of fraudulent activity. The messages include statements that Chandran does not have a company that makes money, and other accusations about false statements to investors and the purchase of luxury homes and cars with company money. (Filing No. 201, Ex. 5.) However, Chandran and Lee have not identified any particular messages that they find objectionable, nor has the government indicated which messages it intends to introduce at trial.

In *Bruton*, the Supreme Court held "that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a non-testifying codefendant is introduced at their joint trial," even with a proper limiting instruction." Samia v. United States, 599 U.S. 635, 647 (2023). However, as pointed out by the Magistrate Judge, the Confrontation Clause does not apply to non-testimonial out-of-court statements, which can include causal statements between acquaintances. See United States v. Lee, 374 F.3d 637, 644 (8th Cir. 2004). Also, co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule of Evidence 801(d)(2)(E)—which provides that a statement made by a party's co-conspirator during and in furtherance of the conspiracy is not hearsay—are generally "non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." United States v. Singh, 494 F.3d 653, 658 (8th Cir. 2007). Text messages have also been found in some instances to be nontestimonial statements. See United States v. Otuonye, 995 F.3d 1191, 1206 (10th Cir. 2021).

The Court agrees with the Magistrate Judge that severance is not warranted based on any *Bruton* issues, at least at this point. The WhatsApp messages appear (at least primarily) to be non-testimonial. They consist of hundreds of messages, seemingly between friends, that occurred over an extended period. While the messages do include opinions about fraudulent activity, they are often phrased in such a way to be stated in jest. They do not appear to have been "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford v. Washington, 541 U.S. 36, 52 (2004). Also, from the Court's review, it appears the government could submit a redacted version of the statements that do not directly or facially implicate the other defendant. And, even if the redacted evidence could be linked to the other defendant when considered with other materials, *Bruton* does

6

not apply when a non-testifying defendant's statement inculpates a co-defendant "inferentially—through linkage to other evidence." *United States v. Ridings*, 75 F.4th 902, 906 (8th Cir. 2023) (quotation omitted). Therefore, at this time, the Court finds that redaction and a limiting instruction would be sufficient to combat any potential prejudice that could arise based on this evidence.

The Court likewise finds that questions concerning admissibility and weight of the evidence do not support severance, at least at this time. Chandran argues severance is necessary because evidence that would be admissible against Lee, would not be admissible against Chandran if they were tried separately. Again, the evidence at issue includes the WhatsApp messages that deal with Lee voicing his opinion that Chandran's business was a fraud, and that the business actions taken by Chandran were a waste of money. Chandran claims these exchanges are not statements in furtherance of a conspiracy, but rather capture disagreements amongst the two defendants as to what was happening. However, even assuming the WhatsApp messages would be admissible as to one defendant but not the other, this does not necessarily mean that severance is needed. As correctly noted by the Magistrate Judge, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). "The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." *Id*.

Moreover, although the weight of the evidence against one of the defendants may be greater than to the other, "disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction." *Spotted Elk*, 548 F.3d at 658. As stated above, it appears at this point that redaction and a limiting instruction would alleviate any possible prejudice. Therefore, the Court will deny the Motion to Sever.

Having said all this, the Court recognizes that the calculus of these issues may change once the government identifies the specific messages (and other evidence) it intends to offer at trial. It is certainly possible that other information may come to light which may warrant reconsideration of the severance issue. Therefore, the Court will adopt the Magistrate Judge's recommendation as to severance now, but it may reconsider the issue upon appropriate motion by the parties, once the trial date is closer and there is a better understanding of what evidence may be offered.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Objections (Filing No. 260; Filing No. 263) to the Magistrate Judge's Findings, Recommendation and Order (Filing No. 229) as it pertains to the findings regarding Defendants' Motion for Bill of Particulars and Motion to Sever are overruled.

2. The Magistrate Judge's Findings, Recommendation and Order (Filing No. 229) as it pertains to Defendants' Motion for Bill of Particulars (Filing No. 155; Filing No. 166) and Motion to Sever (Filing No. 151; Filing No. 168) is accepted.

3. Defendants' Motion for Bill of Particulars (Filing No. 155; Filing No. 166) and Motion to Sever (Filing No. 151; Filing No. 168) are denied.

Dated this 11th day of April, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge