IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:22CR3077 |
| vs. | |
| NEIL SURESH CHANDRAN, and BRYAN LEE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Defendant Neil Chandran's Objection to the Magistrate Judge's Memorandum and Order that denied his motion for the return of seized assets. (Filing No. 258). For the reasons explained below, Chandran's Objection will be overruled.

## BACKGROUND

On June 14, 2022, Chandran was indicted for allegedly engaging in wire fraud and money laundering. (Filing No. 1). On June 24, 2022, United States Magistrate Judge Cheryl Zwart, upon a finding of probable cause, signed around 94 seizure warrants which included most of the property listed in the indictment as subject to forfeiture. (Filing No. 220-2.) Much of this property was located outside the District of Nebraska and included things such as financial accounts and vehicles owned by Chandran and ViMarket, Inc.[1] The affidavit in support of the seizure warrants provided the assets were subject to civil forfeiture and seizure pursuant to 18 U.S.C. §§981(a)(1)(A), 981(a)(1)(C), 981(b), and 984, and criminal forfeiture and seizure pursuant to 18 U.S.C. §

---

[1] According to the Superseding Indictment, Chandran held himself out as the owner of a group of companies operated under the banner of ViRSE. These companies included ViMarket, Inc. (Filing No. 75.)

981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). (Case No. 4:22MJ3090, Filing 1.) The applications for the seizure warrants stated the identified property was subject to forfeiture pursuant to 18 U.S.C. § 981 and 18 U.S.C. § 982.  (Filing No. 220-2.)

On June 28, 2022, the government filed a *lis pendens* notice in the Recorder's Office of Los Angeles County, California, regarding another asset listed in the indictment, namely real property located at 9000 West Third Street, No. 104, Los Angeles, California ("Third Street Property").  The *lis pendens* notice indicated the Third Street Property was subject to forfeiture based on these Nebraska proceedings.  (Filing No. 220-3.)  The *lis pendens* notice included the caption of this case, but noted in the caption that ViMarket, Inc. was the titleholder of the property. (Filing No. 220-3.)

On March 1, 2023, the government filed an unopposed motion for interlocutory sale of seized property pursuant to Federal Rule of Criminal Procedure 32.2(b)(7), Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 21 U.S.C. § 853(e).  (Filing No. 68.) The property subject to the motion included 43 seized vehicles, a boat and a trailer.  (Filing No. 68; Filing No. 70.) The motion specifically stated it was filed with the consent and concurrence of Defendant and his counsel.  (Filing No. 68.) The motion for interlocutory sale was granted the same day and the Court ordered that the sale proceeds be considered "substitute *res*"[2] subject to forfeiture.  (Filing No. 68; Filing No. 70.)

The grand jury returned a nine-count Superseding Indictment against Chandran and his co-defendant, Bryan Lee ("Lee"), on May 16, 2023, alleging they engaged in conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1957, and 18 U.S.C. § 2. (Filing No. 75.) The Superseding Indictment alleges that beginning on or around June 2018 and continuing until on or about June 29, 2022, Chandran, Lee, and others conspired to engage in a scheme to defraud investors in Chandran's companies through misrepresentations about the Chandran companies and how investor funds would be used. (Filing No. 75.) The Superseding Indictment includes a

---

[2] Generally speaking, "substitute *res*" is an amount offered in place of seized property. Pursuant to Rule G(7)(b), "[s]ale proceeds are a substitute res subject to forfeiture in place of the property that was sold.  The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." Fed. R. Civ. P. Supp. R. G(7)(b).

forfeiture allegation, stating that the grand jury found there was probable cause that the property listed in the Superseding Indictment is subject to forfeiture. (Filing No. 75.) The Superseding Indictment identifies the same assets as the original indictment, including real property located at 78 Innisbrook Avenue, Las Vegas, Nevada ("Innisbrook Property"). (Filing No. 75.)

On April 2, 2024, the government filed a consent motion to sell certain real property (Filing No. 139), including the Third Street Property, pursuant to Rule G(7)(b) of the Supplemental Federal Rules of Civil Procedure, Fed. R. Crim. P. 32.2(b)(7), and 21 U.S.C. § 853(e). The motion represented that Chandran had expressly consented to the sale of the property. (Filing No. 139.) The motion stated ViMarket, Inc. was the record owner of the Third Street property and Lee was the authorized signatory to act on behalf of ViMarket, Inc. (Filing No. 139.) The motion indicated Lee also consented to the sale of the property. (Filing No. 139.) The government's motion was granted on April 3, 2024. (Filing No. 140.) The order directed that the government dismiss the *lis pendens* for the property upon receipt of the proceeds from the sale. (Filing No. 140.) The sale of the subject real estate closed thereafter, and the net proceeds (also designated as "substitute *res*") was deposited in an account set up by the United States Marshals Service ("USMS"). (Filing No. 220-1.)

Then, on November 18, 2024, the government filed a consent motion to sell the Innisbrook Property pursuant to Rule G(7)(b) of the Supplemental Federal Rules of Civil Procedure, Fed. R. Crim. P. 32.2(b)(7), and 21 U.S.C. § 853(e). (Filing No. 214.) Chandran again consented to the sale and a sale order was entered on November 19, 2024, stating that the proceeds from the sale would constitute substitute *res*. (Filing No. 215.) Before that consent motion was filed and granted by the Court, however, Chandran's counsel sent the government's counsel an email and reserved Chandran's right to challenge the government's "pretrial restraint of the assets." (Filing No. 257-1.) The government's counsel responded that Chandran "absolutely retains the right to dispute *forfeiture* of the funds generated by all the sales, which will be on deposit as a substitute *res*." (Filing No. 257-1) (emphasis added). The record does not reflect that Chandran's counsel responded to the government's email regarding Chandran's reservation of rights.

On November 20, 2024, Chandran filed a motion seeking the return of the assets that were seized by the government through the seizure warrants issued by Magistrate Judge Zwart, along with the Third Street Property. (Filing No. 218.) He also requested a hearing pursuant to *Luis v.*

3

*United States*, 578 U.S. 5 (2016).[3] (Filing No. 218). In his motion, Chandran contested the pretrial restraint of the seized assets, asserting that he needed the assets to retain private counsel. Chandran argued the seizure warrants were unlawful because they related to property located outside the District of Nebraska and the *lis pendens* notice for the Third Street Property was invalid under California law. Chandran requested the *Luis* hearing to challenge whether the identified assets were traceable or sufficiently related to the charged crimes.

The Magistrate Judge issued a Memorandum and Order granting in part and denying in part Chandran's motion. (Filing No. 246.) As to Chandran's request for return of the property previously sold pursuant to interlocutory sale orders, the Magistrate Judge found Chandran had waived his arguments regarding pretrial restraint. As to the remaining property, the Magistrate Judge determined the underlying seizure warrants were lawful, but that the government needed to seek an order under 21 U.S.C. § 853 to maintain possession of the seized assets. Given this ruling, the Magistrate Judge declined to rule on Chandran's other arguments or request for a *Luis* hearing.

On February 19, 2025, in accordance with the Magistrate Judge's Memorandum and Order, the government filed a motion for the Court to issue an order under 21 U.S.C. § 853(e)(1), directing that the government maintain custody of the seized assets through the conclusion of the pending criminal case, and declaring that any such order satisfied the requirements of 18 U.S.C. § 983(a)(3)(C). (Filing No. 255.) The government's motion remains pending and will be ruled upon through a separate order.

## STANDARD OF REVIEW

As an initial matter, the government takes issue with Defendant's statement of the standard of review, complaining that Defendant incorrectly cited the standard of review used by the Eighth Circuit Court of Appeals in reviewing an appeal regarding a forfeiture proceeding. The government is correct that the appropriate standard of review at this point is that used for a district court's review of a magistrate judge's order for a non-dispositive matter. This requires the Court to review

---

[3] In *Luis*, the United States Supreme Court held that the pretrial restraint of untainted assets needed to retain private counsel violates the Sixth Amendment, but that the restraint of tainted assets does not. *Luis*, 578 U.S. at 13.

the order under the clearly erroneous or contrary-to-law standard.[4] *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). An order is "clearly erroneous or contrary-to-law" if the reviewing judge has a "definite and firm conviction that an error has been committed." *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999).

## DISCUSSION

Chandran has multiple objections to the Magistrate Judge's Memorandum and Order. The Court has carefully considered each, but the resolution of the current dispute largely hinges upon one issue. Chandran argues the Magistrate Judge erred in concluding that Chandran waived his arguments pertaining to the pretrial restraint of certain assets by consenting to the sale of those assets. Chandran argues that his consent to the sales does not mean he waived his right to file a motion seeking to access the proceeds from the sale to retain private counsel. Chandran contends the Magistrate Judge ignored the language in the sales orders that "The USMS will hold the net proceeds in an interest-bearing account *pending further order of this court*." (Filing No. 70; Filing No. 140; Filing No. 215.) (emphasis added). Chandran claims that, at a minimum, this language creates an ambiguity deserving an evidentiary hearing. The Court is unpersuaded.

As found by the Magistrate Judge, Chandran consented to the sale of certain seized assets—specifically, 43 vehicles, a boat, a trailer, the Third Street Property, and later the Innisbrook Property pursuant to Rule G(7)(b) and 21 U.S.C. § 853(e). Section 853(e) authorizes the Court to "enter a restraining order or injunction . . . or take any other action to *preserve* the availability of property" subject to forfeiture. 21 U.S.C. § 853(e) (emphasis added). Chandran agreed that the proceeds from the sales would be held as substitute *res* until the conclusion of this criminal case, and the orders so provided. Chandran cannot now complain about what he plainly consented to. Both Chandran and Lee (ViMarket, Inc.'s signatory) specifically consented to the sale of the Third Street Property. Although the Innisbrook Property was not referenced in Chandran's motion for return of assets, the Court notes that Chandran's counsel did reach out to the government's counsel before the motion was filed to reserve Chandran's right to challenge "pretrial restraint of the

---

[4] When a party appeals a magistrate judge's recommendation in a dispositive matter, the Court must make a *de novo* determination of those portions to which objection is made. Fed. R. Crim. P. 59(b)(3). The reviewing district court judge is free to accept, reject, or modify the recommendation made by the magistrate judge. 28 U.S.C. § 636(b). Although the Court concludes the clearly erroneous standard is applicable here, the Court notes that the outcome in this case would be the same even if the *de novo* standard were applied.

assets." In response, the government acknowledged that Chandran would retain the right to dispute the *forfeiture* of the funds, to which Chandran's counsel did not respond. There is a difference between *seizure* and *forfeiture*, although Chandran tends to use the words interchangeably. This leads the Court to its next point.

The property not subject to the consensual sale orders was lawfully *seized* by the government based upon a finding of probable cause and through the seizure warrants issued by Magistrate Judge Zwart. A grand jury probable cause determination as to the Innisbrook Property was also noted in the Superseding Indictment. Contrary to Chandran's assertion, the seizure warrants were perfectly valid even though the property seized was located outside the District of Nebraska. The applications for the seizure warrants stated the identified property was subject to civil forfeiture pursuant to 18 U.S.C. § 981. Section 981 authorizes judicial officers to issue seizure warrants *in any district* in which a forfeiture action against property may be filed under 28 U.S.C. § 1355(b) and may be executed *in any district* in which the property is found. 18 U.S.C. § 981(b)(3) (emphasis added). Section 1355(b) authorizes the commencement of a forfeiture action in the district court for the district in which any of the acts giving rise to the forfeiture occurred. 28 U.S.C. § 1355(b). In this case, this includes the District of Nebraska. The seizure warrants were issued based on a finding of probable cause that the property was subject to forfeiture. This being the case, the government has not unlawfully seized any untainted assets as precluded by *Luis*. The question of whether the property *is forfeitable* will be made at the conclusion of the criminal proceedings.

The Magistrate Judge concluded that as to the property that was seized pursuant to the seizure warrants, but not subject to the sale orders, the government needed to pursue a motion under the applicable criminal forfeiture statute to maintain possession of the property because the government never pursued civil forfeiture. Civil forfeiture statute 18 U.S.C. § 983(a)(3) provides that if "criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(C). The applicable criminal forfeiture statute, 21 U.S.C. § 853,[5] authorizes the Court to take action to preserve the availability of the property for forfeiture upon the conclusion of criminal proceedings, through means such as restraining

---

[5] This provision applies to criminal forfeiture procedures relating to mail and wire fraud through 18 U.S.C. § 982(b)(1).

orders, injunctions, and—upon a finding of probable cause—seizure warrants. See 21 U.S.C. § 853. As stated earlier, the government has moved for an order to maintain custody of the assets pursuant to 21 U.S.C. § 853(e), which will be granted by separate order. The government will be allowed to maintain possession of the assets through the conclusion of these criminal proceedings.

Accordingly,

**IT IS ORDERED:**

1. Chandran's Objection to the Magistrate Judge's Memorandum and Order denying his motion for the return of seized assets (Filing No. 258) is overruled.

2. This matter will be set for trial by separate order.

Dated this 2nd day of May, 2025.

BY THE COURT:

_Susan M Bazis_
Susan M. Bazis
United States District Judge