IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America, ) | ) |
| Plaintiff, ) | Case No. 4:22cr3077 |
| ) | |
| v. ) | **Motion to Withdraw and** |
| ) | **Request for Hearing** |
| Neil Suresh Chandran ) | |
| ) | |
| Defendant. | |

Assistant Federal Public Defender Jessica L. Milburn and the Office of the Federal Public Defender for the District of Nebraska moves for leave to withdraw as counsel for Defendant Neil Chandran on the grounds that a conflict of interest has arisen between me and Mr. Chandran. Mr. Chandran requests the appointment of successor counsel. Specifically, Mr. Chandran asks the Court to appoint Thomas H. Dahlk, who has entered a limited appearance in this case, is well-versed in the facts of Mr. Chandran's case, and whose appointment would resolve the issue generating the conflict of interest without offending judicial economy or Mr. Chandran's rights under the Speedy Trial Act.

## Facts

The allegations against Mr. Chandran date back to 2018. This case was presented to the grand jury in June 2022. Neil Suresh Chandran was arrested on June 29, 2022.

After Mr. Chandran's appearance in the Central District of California, the Federal Public Defender's Office, specifically then-Federal Public Defender David

Stickman and I appeared with Mr. Chandran at his arraignment in Nebraska on August 15, 2022 and he was ordered detained. Dkt. Entry #18. The Court immediately designated this case as "complex" and exempted it from speedy-trial calculations. *Id.*

On May 16, 2023, a superseding indictment was returned, adding Bryan Lee as a defendant. On June 9, 2023, the Court admitted Mr. Lee's preferred counsel, Josh Tomsheck, *pro hac vice.* Dkt. Entry #90.

On July 6, 2023, Mr. Chandran's primary counsel, then-Federal Public Defender David Stickman moved to change venue. Dkt. Entry # 99. That motion was denied by Judge John M. Gerrard on August 31, 2023.

On January 16, 2024, Judge Jacqueline DeLuca assumed the role of assigned magistrate judge. Six months later, the case was re-assigned from Judge Gerrard to Judge Susan Bazis.

In June 2024, then-Federal Public Defender Stickman filed a number of pretrial motions, including a (re-filed) motion to change venue, a motion for a bill of particulars, and a motion to dismiss.

Those motions were still pending when, on August 13, 2024, Attorney Thomas H. Dahlk of Kutak Rock LLP moved for leave to enter a limited appearance on behalf of Neil Chandran. Dkt. Entry #180. On November 20, 2024, Mr. Dahlk moved for the return of unlawfully seized assets, which, if returned, would provide the basis for his retention by Neil Chandran. Dkt. Entry #218.

On November 21, 2024, the Court admitted a second attorney *pro hac vice* for Defendant Lee. Dkt. Entry #222.

On November 27, 2024, in anticipation of David Stickman's retirement, I entered my appearance. Dkt. Entry #227. Notwithstanding my appearance alongside Mr. Stickman at the August 15, 2022 arraignment, my involvement in detention issues in September 2022, and my participation in telephone conferences in November 2022 and June 2023, it was not until the October 27, 2024 motion hearing that I became actively involved in Mr. Chandran's defense and not until Mr. Stickman's retirement on November 30, 20224 that I assumed full responsibility for it.

The litigation over Mr. Dahlk's involvement continued until May 2, 2025 when the Court denied Mr. Dahlk's motion and set Mr. Chandran's case for trial on June 2, 2025.

Since the entrance of the trial order, I have conferred with Mr. Chandran about the denial of Mr. Dahlk's motion, the impending trial date, the possibility of a continuance (either at our request or at the request of Mr. Lee), my ability to competently try this case to a jury on June 2, 2025, and his rights to a speedy trial under both the Sixth Amendment and the Speedy Trial Act. As a result of that conversation, I move the Court for leave to withdraw.

## Law/Analysis

These events have converged to create conflict between Mr. Chandran, who wants to be represented by Thomas H. Dahlk and who no longer wants to waive his right to a speedy trial, and me, who is not Thomas H. Dahlk and who cannot be

ready to try this case to a jury on June 2, 2025. Having only re-assumed responsibility for Mr. Chandran's defense six months ago, I am still actively studying the voluminous discovery. I have expressed to Mr. Chandran that I will not be able to try this case on June 2, 2025. I expect that I will need an additional six months to prepare.

Section X(B)(3) of this District's CJA Plan allows the Court "under special circumstances" to "appoint a member of the bar of the court who is not a member of the CJA Panel." Those "special circumstances" include cases where the Court has concluded that "the appointment of a particular attorney is in the interests of justice, judicial economy, or continuity of representation, or for any other compelling reason."

Mr. Chandran demands the counsel of Mr. Dahlk, the attorney he would have retained had the Court granted Mr. Dahlk's motion. Moreover, Mr. Dahlk has been actively[1] involved in Mr. Chandran's case for several months longer than I have and will be prepared to try the case far sooner than I will be – perhaps even by June 2, 2025.

While I remain more than willing to assist Mr. Chandran, I cannot competently try the case On June 2, 2025. This tension – between my inability to try the case on June 2, the possibility that preferred counsel could try the case on June

---

1  By "actively," I mean just that. Though I was nominally attached to Mr. Chandran's case in late 2022 and 2023, it was not until Mr. Stickman's imminent retirement and the diminishing likelihood of Mr. Dahlk's motion being granted converged in October/November/December 2024 did it seem likely that I would assume control of the case.

2, and Neil Chandran's unwillingness to waive his speedy-trial rights any longer – has ripened into a conflict that I am asking the Court to address.

    WHEREFORE, I ask the Court for leave to withdraw as counsel. I ask for a hearing so that Mr. Chandran can address his concerns directly to the Court. And, if the motion is granted, I (on Neil Chandran's behalf) ask the Court to appoint Thomas H. Dahlk as successor counsel under the Criminal Justice Act Plan § X(B)(3).

                              By:   /s/ Jessica L. Milburn
                                      **Assistant Federal Public Defender**
                                      100 Centennial Mall North
                                      112 Federal Building
                                      Lincoln, NE 68508