IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>NEIL SURESH CHANDRAN, and BRYAN LEE,<br><br>    Defendants. | 4:22CR3077<br><br>**ORDER** |

  This matter is before the Court on the defendant, Bryan Lee's Motion to Continue Trial. ([Filing No. 284](#)). The Court had a conference with counsel on May 22, 2025. During this call, all counsel advised they need additional time to prepare for trial. Counsel for Chandran indicated she needs at least a year to prepare for trial.[1] In his Motion to Continue, Lee's counsel advised he needs additional time to prepare for trial and requested a firm trial setting on or after May, 2026. The government had no objection to the continuance. As set forth in his motion, Lee requests the time between his motion and the new trial date be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Co-defendant Chandran has advised he will not voluntarily agree to exclude any time pursuant to the Speedy Trial Act.

---

[1] The undersigned notes she denied, for reasons set forth on the record on May 21, 2025, Ms. Milburn's motion to withdraw as counsel for Chandran. As set forth on the record, the required standard to grant a motion to withdraw was not met at the hearing. *See* United States v. Sayers, 919 F.2d 1321, 1323 (8th Cir.1990) ("To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel."); Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir.1991) (stating justifiable dissatisfaction sufficient to merit substitution of counsel includes "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."). In essence, Chandran's argument was that he wanted the Court to appoint attorney Thomas Dahlk, who is currently retained by Chandran in a limited capacity, to take over his representation entirely because Chandran believed Mr. Dahlk would be ready for trial sooner than Ms. Milburn. However, not only was the standard not met to grant the motion to withdraw, but Chandran is not entitled to Court appointed counsel of his choosing. See Wheat v. United States, 486 U.S. 153, 159 (1988). Additionally, Mr. Dahlk is not on this Court's CJA panel and, upon review of the public record, has represented two criminal defendants, besides Chandran, in this Court since 1990.

Despite Chandran's indication that he will not voluntarily agree to exclude any time pursuant to the Speedy Trial Act, the Court finds good cause to grant the requested continuance and finds it appropriate to exclude the time from today's date until the date of the trial. From the outset, this case was exempted from the provisions of the Speedy Trial Act as the Court found the case was "unusual and complex" and, thus, was exempted from the time restrictions of 18 U.S.C. 3161(h)(7)(B)(ii). Filing No. 22.

When Chandran was indicted, David Stickman from the Federal Public Defender's office was appointed as Chandran's attorney. Filing No. 16. Mr. Stickman withdrew from this case in late November, 2024 due to his retirement. At that time Jessica Milburn, from the Federal Public Defender's office, became Chandran's attorney. Filing No. 227. Ms. Milburn has represented to the Court that she was not substantively involved in this matter until that time or shortly before. At the time Ms. Milburn began representing Mr. Chandran, there were a number of pending motions (filed by Defendants), some of which would potentially effect whether Ms. Milburn would remain Chandran's counsel. *See i.e.* Filing Nos. 218, 231. These motions were finally resolved in total on May 2, 2025.[2]

In addition, the present motion to continue was filed by Chandran's co-defendant, Lee. Chandran and Lee are currently joined for trial as prior motions to sever have been denied. Given the unique circumstances, despite Chandran's objections, the Court finds the continuance is warranted and constitutes a reasonable period of delay where Chandran is joined for trial with Lee and no motion for severance has been granted. 18 U.S.C. § 3161(h)(6).

Given the complex nature of the case and the circumstances at issue, the Court finds that failing to grant the continuance herein would be likely to make the continuation of this proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Further, the Court finds failing to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Given this, the Court will exclude the time from today's date until the date of trial pursuant to the Speedy Trial Act.

In sum, and for the reasons set forth herein, the undersigned magistrate judge finds good cause for the requested continuance in order to allow counsel sufficient time to prepare for trial. Accordingly,

**IT IS ORDERED** that the Motion to Continue Trial (Filing No. 284) is granted, as follows:

---

[2] The Court notes the potential that Chandran may appeal to the Eighth Circuit the court's most recent ruling on his motion for return of seized assets and the government's motion to retain property as he requested an extension of time in which to file that notice of appeal. Filing No. 292

1. The jury trial, **for both defendants**, now set for June 2, 2025, is continued to June 1, 2026 for a duration of 15 trial days**.**

2. In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial.  Any additional time arising as a result of the granting of this motion, that is, the time between **today's date and June 1, 2026** shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.  Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and, further, failure to grant a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, particularly considering the unusual and complex nature of the case.  18 U.S.C. § 3161(h)(7)(A) & (B)(i), (ii), (iv). Furthermore, Defendant Lee requested the continuance and, given the circumstances, the court finds this is a reasonable period of delay for the trial when no motion for severance has been granted. 18 U.S.C. § 3161(h)(6).

3. A party may object to this order by filing an "Objection to Magistrate Judge's Order" no later than **June 5, 2025.**  The objecting party must comply with all requirements of NECrimR 59.2.

4. The Court will have a status conference with counsel for the parties **on July 7, 2025 at 9:30 a.m.** at which time they will discuss the status of the case, progress made towards trial preparation, pending deadlines, and further deadlines needed for the upcoming trial.

5. The Government's deadline to disclose the specific messages between Chandran and Lee that it intends to offer at trial is **July 7, 2025.**

6. The parties' deadline to provide affirmative expert witness disclosures as required under Rule 16 must be served on or before **February 2, 2026.**

7. The parties' deadline to provide rebuttal expert witness disclosures as required under Rule 16 must be served on or before **March 2, 2026.**

8. The parties' deadline to provide any motions regarding expert disclosures is due on or before **April 1, 2026.**

Dated this 22nd day of May, 2025.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge